UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-23586-CIV-COOKE/GOODMAN

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON SUBSCRIBING
TO POLICY NO. 80901LH1827981000,

    Plaintiff,

v.

BLACK GOLD MARINE, INC.,

    Defendant.

_____/

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**[1]

Plaintiff and Defendant filed a stipulation requesting that the Undersigned enter a stipulated protective order under Federal Rule of Civil Procedure 26(c) for the protection of confidential information that the parties may produce or otherwise disclose during this litigation. [ECF No. 35]. Based on the parties' stipulation, the Undersigned **orders** as follows:

    1.    The term "Confidential," for purposes of this Order, shall mean any information, document or thing so designated by any party to this litigation or any third

---

[1] The Undersigned modified the proposed stipulated protective order, particularly in numbered paragraphs 6 and 9.

party producing information, documents or things in this litigation, including (without limitation) documents, information contained in documents or other media (including any form of optical or magnetic storage media), and information revealed during a deposition, in response to a subpoena, or in an interrogatory answer or an admission.  The designation of "Confidential" may be placed on documents and information which are a trade secret, confidential business information, proprietary information, and/or personal information. The term "documents" shall include any hard copy documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, electronic mail ("e-mail"), text messages, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

    2.    The Designations shall be as follows:

    (a)    Written information or documents, or any portion thereof, shall be designated as "Confidential" by placing on each page a stamp or notice stating "CONFIDENTIAL" in a manner that will not interfere with the legibility of the written information.

    (b)    Interrogatory responses containing "Confidential" information shall be set forth on separate pages from interrogatory responses which do not contain such information and all pages of interrogatory responses containing "Confidential" shall be produced in a separate package from interrogatory responses which do not contain such

information.

(c) Documents produced, filed, or served by a party and designated "Confidential" shall be so marked by such party prior to or at the time they are produced, filed, or served. Documents produced by a third party as to which a "Confidential" designation is claimed by any person shall be so designated within ten days after they are produced, and shall be treated as "Confidential" during the intervening time.

3. Information disclosed at a deposition may be designated as "Confidential" by a statement on the record that the testimony, or part of the testimony, is "Confidential" and subject to the provisions of this Order. In addition, the transcript of such a deposition and all information exchanged in such a deposition shall be considered "Confidential" for a period of ten days after receipt of the deposition transcript. During those ten days, any party may designate any additional portion or the entire transcript as "Confidential" and all other persons given notice of the designation shall treat the information accordingly.

4. Use of the confidential information shall be as follows:

(a) Documents and/or information designated as "Confidential" shall be used only for purposes of preparing for and conducting the above-captioned litigation, including any appeals therefrom, and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

(i) Attorneys representing a Party to the action, and the employees of such attorneys or their law firms, but only for the purposes set forth in this Agreement;

(ii)     Outside legal counsel for the parties involved in this litigation, and such legal counsels' staff;

(iii)    The Court, Court personnel and, if the Court so elects, any other person designated by the Court as a Qualified Person after notice and hearing of the Parties;

(iv)    Agents, independent contractors, consultants, advisors, or experts (whether testifying or consulting as set forth under Fed. R. Civ. P. 26(b)(4)) consulted by or on behalf of any of the Parties, but only for the purposes set forth in this Agreement, and only if said persons sign a document in the form of Attachment A agreeing to be bound by the terms of this Agreement (such signed document to be maintained by counsel for the receiving party);

(v)     Employees of third-party contractors engaged by outside legal counsel and involved solely in one or more aspects of organization, copying, filing, coding, converting, storing, or retrieving data or designing programs for handling data in connection with this litigation, including providing computerized litigation support;

(vi) The Parties hereto, but only for the purposes set forth in this Agreement; and

(viii)  Court reporters employed in connection with this action; and

(b)     Only outside counsel of record in this action may authorize the access to or disclosure of any documents or information designated as "Confidential" to any person authorized to have access to such information pursuant to paragraph 4(a), and each such person to whom any such information is disclosed or made available may be permitted by

their counsel to view documents marked by an opposing party as "Confidential" only in connection with preparation for or at a discovery matter, deposition, hearing, trial, litigation related matter, appeal matter or settlement conference. These individuals shall not be permitted to retain a copy of any such document or information at the conclusion of the litigation, including any copies or notes regarding such documents or information, and during the pendency of this litigation, the documents shall be viewed and information used for purposes of this litigation only.

(c) The obligations set forth herein extend to, but are not limited to, copies, summaries, extracts, paraphrases and notes made by any person to whom such documents designated as "Confidential" are disclosed pursuant to this Order.

5. To the extent that any "Confidential" documents and/or information are produced without being designated as such, that disclosure shall be deemed an inadvertent disclosure. Upon the request of any party for proper designation of an improperly designated or non-designated document, all copies of the document shall be marked with the proper designation and the document shall be retrieved by outside counsel from any person who would not have been allowed access to the document if it had been properly designated.

6. If a party wishes to file any documents and/or information designated "Confidential" with the Court, it shall advise the party claiming confidentiality that it wishes to file said documents and, in the meantime, shall do everything necessary to ensure

that such information is impounded, kept under seal, and unavailable to the public, including observing all requirements of any applicable local rules.

In the event a Party files with the Court any pleadings, motions, memoranda, transcripts or other court filings that disclose Confidential information, whether as an exhibit, attachment, or otherwise, such filings shall be submitted to the Court in accordance with Local Rule 5.4. Submissions filed with the Clerk's office are presumptively open and accessible to the public. A Party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary -- especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion. The Parties acknowledge that this Order creates no entitlement to file Confidential information under seal.

The party wishing to file any documents designated "Confidential" shall file a motion to seal with the Court that 1) sets forth the factual and legal basis for departing from the policy that Court filings be public; 2) describes the documents and/or information proposed to be filed under seal with as much particularity as possible; and 3) specifies the proposed duration of the requested sealing. All "Confidential" documents and/or information proposed to be filed under seal shall be filed separately in a plain envelope affixed with the following statement:

**SEALED DOCUMENT**
**CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, Plaintiff, v. BLACK GOLD MARINE, INC., Defendant, v. MIDNIGHT EXPRESS POWER BOATS, INC., et al., Case No. 19-CV-23856-MGC**

If a document or thing produced cannot conveniently be marked as required by this Order, the parties shall confer and agree in writing on an appropriate method of marking or otherwise identifying as "Confidential" such document or thing. The party claiming confidentiality shall notify the Clerk that what has been filed should be accorded the treatment required by this Order. Should the Court deny a motion to file under seal as set forth above, nothing herein shall prevent the party seeking to introduce documents marked "Confidential" from doing so.

7. Within sixty (60) days after the conclusion of this litigation, including all appeals, any "Confidential" documents and/or information, including copies and originals (except documents in the files of the Court, and except for documents retained in counsel's files, which will continue to be subject to the provisions of this Order, and which were filed in Court, or marked as exhibits at depositions, at trial, or in affidavits, or which contain work product) shall, at the election of the party who designated the documents and/or information "Confidential" be certified as destroyed, or returned to the designating party at the designating party's expense.

8. Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any "Confidential" documents and/or information shall relieve any person from the obligation of maintaining the confidentiality of such information and/or documents.

9. Nothing in this Order shall prohibit the use of, or reference to, any

"Confidential" documents and/or information in Court or at trial; provided, however, that the party using or planning to use such documents and/or information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure.  Such steps shall include bringing to the Court's attention the intention to disclose "Confidential" documents and/or information in open court and requesting the assistance of the Court in limiting disclosure. Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of "Confidential" documents and/or information at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration pursuant to the Undersigned's Discovery Procedures Order, at ECF No. 4, pp. 10-15.

10. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of "Confidential" documents and/or information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any "Confidential" documents except as allowed by paragraph 4 above.

11. Challenging the designations:

(a) No party concedes that any document or information designated "Confidential" by any other person does in fact contain or reflect confidential, sensitive, or proprietary business or personal information, or has been properly designated "Confidential."

(b)   A party shall not be obligated to challenge the propriety of the designation of documents or information as "Confidential" at the time such designation is made, or at any other time, and failure to do so shall not preclude a subsequent challenge thereof.

(c)   Any party may move for a ruling that a document or category of documents designated as "Confidential" is or is not entitled to such status and protection, but the document or category of documents shall be treated as so designated until such time as the designating party may agree otherwise, or as the Court may otherwise order. The party who designated the document or category of documents as "Confidential" shall bear the burden of showing that the designation is warranted. Such a motion may be filed ten days after a party serves a written request for modification upon the party who made the designation.

(d)   Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

12.   The parties bound by this Order understand and agree that money damages would not be an adequate remedy for any breach, threatened breach or violation of the content or spirit of this Order ("Order Breach") and that any of the parties shall be entitled to seek immediate injunctive relief or other equitable remedies for any such Order Breach. Such remedies shall not be deemed to be the exclusive remedy for any Order Breach, but shall be in addition to other remedies available, whether in law or in equity, including actual damages from such Order Breach. Further, the prevailing party in any action brought

as a result of an Order Breach shall be entitled to all enforcement costs, including attorney's fees and costs that are incurred by such a party, and the collection of damages directly resulting from the Order Breach.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on June 24, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-23586-CIV-COOKE/GOODMAN

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON SUBSCRIBING
TO POLICY NO. 80901LH1827981000,

      Plaintiff,

v.

BLACK GOLD MARINE, INC.,

      Defendant.
_____/

I, _____, hereby affirm that:

      Information including documents and things designated as "Confidential" as defined in the Stipulated Confidentiality Agreement and Order (the "Agreement") entered in the above-captioned action are being provided to me pursuant to the terms and restrictions in the Agreement.

      I have been given a copy of and have read the Agreement.

      I am familiar with the terms of the Agreement and I agree to comply with, and be bound by, such terms.

      I submit to the jurisdiction of this Court for enforcement of the Agreement.

      I agree not to use any Confidential information disclosed to me pursuant to the Agreement except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by the Agreement,

without the express written consent of the party who has designated such information as "Confidential" or by order of the Court.

Dated: _____  Signature: _____

Name: _____

Address: _____

_____